IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Princeton Thrower, | C/A No. 0:14-2791-JMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Deputy Kinnee, State Constable Heid, Lieutenant Edwards, and Several Unknown Officers, | |
| Defendants. | |

Plaintiff Princeton Thrower, a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights by the defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Thrower was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 31.) Thrower filed a response in opposition to the defendants' motion. (ECF No. 39.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.[1]

---

[1] It appears that the "Several Unknown Officers" were never served with process. Accordingly, the court recommends that these defendants be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m).

Page 1 of 9



**BACKGROUND**

The following facts are either undisputed or taken in the light most favorable to Thrower to the extent they find support in the record. (See generally Compl. ECF No. 1 at 3-5.) Thrower alleges that, on July 9, 2011, the vehicle he was driving was struck from behind by law enforcement officers with intentional lethal force, causing his car to become airborne and crash. Thrower claims that additional excessive force was used against him immediately following the accident when he was "uncombative and docile."

The defendants' memorandum in support of their motion for summary judgement provides additional relevant information, which Thrower does not appear to dispute. The defendants allege that, during the early morning hours of July 9, 2011, York County Sheriff's Deputy Thomas Kinnee and Constable Robert N. Haid observed Thrower driving a car matching the description of a vehicle that had previously evaded a York County Deputy.[2] After observing the vehicle cross the center line numerous times, Kinnee and Haid initiated a traffic stop, turning on the police cruiser's blue lights and sirens. Immediately thereafter, Thrower accelerated away from the officers, and Kinnee and Haid began their pursuit. The car chase ended several minutes later after Thrower's vehicle struck a tree and overturned. Lieutenant Dale Edwards of the York Police Department responded to the scene and observed Thrower (while still in the overturned vehicle) holding what appeared to be a small bag of crack cocaine. Edwards then reached into the vehicle, removed the small bag, and secured it in Kinnee's police cruiser. (See generally Defs.' Mem. Supp. Mot. Summ. J., ECF No. 30-1 at 1-3.)

---

[2] The defendants assert in their motion for summary judgment that they are correctly identified as follows: YCSO Deputy Thomas Kinnee, Constable Robert N. Haid, and YPD Lt. Dale Edwards.



Thrower claims that he suffered multiple fractures, collapsed lungs, and neurological impairment as a result of the officers' alleged excessive use of force. Thrower seeks payment of future medical bills and pain and suffering, as well as monetary damages of $10,000,000.

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Defendants' Motion for Summary Judgment**

      **1.      Excessive Use of Force Claim**

A claim that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other seizure of a person is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989); Yarborough v. Montgomery, 554 F. Supp. 2d 611, 617 (D.S.C. 2008). The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical application. Graham, 490 U.S. at 396-97; Yarborough, 554 F. Supp. 2d at 617. It requires the court to determine "whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; Yarborough, 554 F. Supp. 2d at 617. The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the importance of the governmental interest alleged to justify the intrusion." Yarborough, 554 F. Supp. 2d at 617 (quoting Graham, 490 U.S. at 396). The test recognizes that "the right to make an arrest . . .

necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617.

In support of their motion for summary judgment, the defendants provided dashboard camera footage of the police chase taken from Kinnee and Haid's police cruiser. (See generally Defs.' Mot. Summ. J., Ex. A - Video, ECF No. 30-2.)  The approximately hour-long video begins several minutes prior to the initiation of the police stop and ends after emergency personnel transport Thrower from the scene.  In cases involving inconsistent witness testimony, unchallenged video evidence allows a court to accept the facts portrayed in the video for purposes of ruling on a motion for summary judgment.  See Witt v. W. Va. State Police, Troop 2, 633 F.3d 272, 276 (4th Cir. 2011) (stating that "when a video 'quite clearly contradicts the version of the story told by [the plaintiff] . . . so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment' ") (alterations in original) (quoting Scott v. Harris, 550 U.S. 372, 378, 380 (2007)); Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008) ("[W]here, as here, the record contains an unchallenged videotape capturing the events in question, we must only credit the plaintiff's version of the facts to the extent it is not contradicted by the videotape."). Such is the case here.  Thrower's claims fail as a matter of law because, for the reasons discussed below, no reasonable jury could find based on the record that the defendants' purported use of force was unconstitutionally excessive.

The dashboard camera video begins with Kinnee and Haid's police cruiser following Thrower's vehicle as he drives down a winding two-lane road. (See Defs.' Mot. Summ. J., Ex. A - Video, ECF No. 30-2.)  After Thrower's vehicle swerved and crossed the center line several times, Kinnee and Haid activated the cruiser's sirens and blue lights. (Id. at 03:57.)  The video depicts



Thrower then stopping at an intersection, turning right, and quickly accelerating away from the officers' vehicle. (Id. at 04:12.) Over the next five minutes, Kinnee and Haid pursued Thrower, at times reaching speeds of approximately 115 miles per hour. Upon approaching a small town, Kinnee and Haid reduced their speed, while Thrower continued to increase his distance from the officers' vehicle. (Id. at 08:52.)

The video then shows that Thrower, now quite some distance in front of the officers' vehicle, swerved around a parked semi-truck and then apparently lost control of his vehicle and hit a tree, overturning his vehicle. (Id. at 09:32-09:37.) The video clearly shows that Kinnee and Haid's vehicle was significantly behind Thrower when Thrower lost control of his vehicle and crashed. Kinnee and Haid arrived at the accident scene approximately ten seconds after Thrower's vehicle left the road and overturned. (Id. at 09:51.)

The video shows that upon reaching the accident site, Kinnee, Haid, and the other responding officers—including Defendant Edwards—attempted to locate Thrower in the wreckage. The defendants, after immediately requesting fire and emergency services for Thrower, then tried making verbal contact with Thrower, who appeared to be pinned underneath the wreckage of the overturned car. (Id. at 10:53.) While continuing to attempt to communicate with Thrower and observing that Thrower was still breathing, Edwards noticed Thrower holding what he stated appeared to be a bag of crack cocaine. (Id. at 13:00.) Edwards then broke a back window of the vehicle, reached inside, and removed the bag from Thrower's hand. (Id. at 14:00.) The remainder of the video shows fire and emergency medical personnel cutting into the vehicle and extracting Thrower.

Based on the unrefuted evidence presented in this case, no reasonable jury could find that any of the defendants used excessive force during any portion of the police chase and arrest. Although Thrower argues in response to the defendants' motion that the video will "show[] law enforcement[] forcing my car off the road after a high-speed chase," (ECF No. 39), the video clearly and indisputably shows that Kinnee and Haid's vehicle was a considerable distance behind Thrower at the time Thrower lost control of his vehicle. In no way does the record support Thrower's allegation that Kinnee and Haid's police cruiser struck his vehicle.[3]  See Scott, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). With regard to Thrower's claim against Edwards, the only possible physical contact Edwards made with Thrower may have occurred when he removed the bag of suspected illegal substance from Thrower's hand. The video demonstrates that, at most, Edwards's contact was minimal. No reasonable jury could conclude that Edwards applied excessive

---

[3] As there is no evidence from which a reasonable jury could find that Kinnee and Haid's police cruiser struck Thrower's vehicle, there can be no seizure under the Fourth Amendment in connection with Thrower's crash. See Brendlin v. California, 551 U.S. 249, 254 (2007) ("A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned."); Brower v. Cnty. of Inyo, 489 U.S. 593, 595-97 (1989) (explaining that in a hypothetical situation in which a driver loses control of a vehicle and crashes while fleeing from police that no seizure would occur there because the "pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit; and though he was in fact stopped, he was stopped by a different means—his loss of control of his vehicle and the subsequent crash"; however, if "the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom of movement would have been a seizure"); see also Cnty. of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (holding that the police did not seize a fleeing suspect who accidentally crashed during a police chase).



force in removing the bag. See id. The video unequivocally belies any assertion that any defendant used excessive force during either the pursuit of Thrower or Thrower's arrest.

### 2.      Other Claims

To the extent that Thrower's Complaint could be construed as alleging that the defendants' actions violated his due process rights, "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). In the circumstances of a high-speed chase aimed at apprehending a suspected offender, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." Id. at 836. For the reasons discussed above, no reasonable jury could find that the defendants violated Thrower's due process rights.

Further, to the extent that Thrower's Complaint may be construed to allege any other causes of action, the court has previously found that Thrower has failed to plead sufficient facts to state a plausible claim. (See Order, ECF No. 15); see Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### RECOMMENDATION

Accordingly, the court recommends that the defendants' motion (ECF No. 30) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 13, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).